Good morning, and welcome to our courthouse. I'm Judge Gould, and I'm presiding today. And I'm pleased to be sitting with Judge Wynn on my right and with Judge Collins on my left. Judge Collins deserves an extra thank you from us, because he volunteered from his busy schedule in Arizona District Court to come here and help the Ninth Circuit with its caseload. So we appreciate that. Thank you. I think the first two cases on the calendar, Gonzales Gomez, No. 1772903, and Luisa Chaveje Fernandez, No. 1773394. Are submitted on the briefs. So we can proceed. And the first case on the argument calendar is Jensen. And for the appellant, we have Daryl Parker.  By the way, we've got this set for 10 minutes. And if you want to make a rebuttal argument, please watch your time and stop before all the time is done. I would like to reserve four minutes for a rebuttal. I have a little bit of a cold, so I don't know if I'll start coughing. We'll try to remind you if we can. But it's basically up to you to watch your clock. Go ahead. May it please the Court. My name is Daryl Parker, and I represent Mr. Jensen, who at all times during this litigation was an inmate at the Monroe Correctional Complex. And I think that's significant, because as an inmate, he has to navigate two completely separate issues. First, he has to make sure he exhausts his administrative remedies before bringing an actual lawsuit. And second, if he has a claim which involves either the extension of his confinement, loss of good time, or good time credits, he has to make sure that that decision has been overturned by a state tribunal via personal restraint petition or via a writ of habeas corpus. And the conflict between a writ of habeas corpus and a civil lawsuit was what was concerned the court in Heck. The court in Heck was concerned with people using the civil process to circumvent the habeas corpus process. And as a result, the Heck decision is not a tolling decision, although sometimes it's referred to it that way. It's actually an accrual decision. And plaintiff's claims did not accrue until after his personal restraint petition was decided. And so I see this case as... As a preliminary matter, counsel, why shouldn't we deem the claim forfeited, any Heck-related argument, forfeited for failure to raise it below so you didn't give the district judge a chance to address it? It was not the Heck case was not cited below, but the argument based on Heck was cited below. And the argument was that... I don't see the argument raised below either. The argument was administrative exhaustion, which is not the same thing as a Heck bar. That's true. But in the opposition for summary judgment, the argument was made that the cause of action did not accrue until the state tribunal had overturned the personal restraint petition. And in his declaration in opposition to summary judgment, Mr. Jensen also laid out when he filed his personal restraint petition and that his personal restraint petition was denied and when it was denied. In addition to that, when he filed his 136-page complaint, although he's an inmate and he can't really be expected to know the rules, he put in the jurisdictional section of his complaint that he had filed a personal restraint petition, what the results of the personal restraint petition was, and what the ruling was. And so if the statute of limitations is an issue of law and whether or not the statute has run as an issue of law, I don't think that he should be charged to have waived it in this circumstance. And he's certainly raising it on appeal. What is his retaliation claim based on? It's not really clear. One of the reasons I think he wanted to have his complaint amended is because he filed his original complaint by himself using the prison law library. Dozens of pages and dozens of allegations, but nothing specific until he got counsel. And by the time I got involved in the case, it seemed to me that the complaint wasn't clear as to what his allegations were and the complaint needed to be amended so that these things could be flushed out. But because of the statute of limitations problem, we never really got to that. What theory did you pursue in connection with summary judgment? What theory as to what his retaliation claim was based on? Was it the denial of earned credit? Was it the exercises of his First Amendment rights caused the prison officials not to follow their policy or both of those things? It was a little combination of the things because what he's saying is that he complained about PREA violations. He complained about mail violations. He complained about threats. He complained about one of the correction officers having a knife. So it was, in a sense, it's the First Amendment claim. It's sort of strange because I don't think PREA provides him with a separate cause of action, but I think he can make a retaliation complaint based on his exercise of PREA, and I think that's what he was doing. Didn't all of his retaliation claims start in 2010, 2011, when he said he was putting Ag-Seg and he was not given medical care and things such as that? Didn't all that start in 2010, 2011? Yes, and that's the second issue in this appeal, and that is if the purpose of the Prison Litigation Reform Act is to curb litigation, the court has a choice. The court can say, look, if you have a claim, even though it's based on similar facts, even though it's based on conduct that's very, very similar, are we going to require you to bring multiple claims because one or two of the claims involves good time, or are we going to wait until the good time claim has been resolved so that all the claims can be brought at the same time? And if you listen to some of the arguments that were made in front of the Supreme Court in some of the cases following Heck, one of the things the courts was concerned about is splitting claims and whether or not tolling is the answer to avoid the splitting of claims. And I would suggest to you, when you have a situation where the claims are this interrelated, that it doesn't make sense to have the inmate split claims, that the inmate should be able to wait until after the personal restraint petition is resolved in order to bring one set of claims together, and that's what I think the court, that's the rule I think the court should adopt. You acknowledge that your client in this case has a 1983 claim, and then he also has the personal restraint claims, the loss of good time claims, two distinct different types of claims, aren't they? There are two distinct types of claims, but I don't think that the court should split them because what would happen in that situation is that it would result in two or three lawsuits based on different statutes of limitations, and he can't bring the ones involving the loss of good time until after the personal restraint petition has been resolved. I think everyone agrees on that, and I'd like to reserve the rest of my time. That's fine, counsel. I think we have Mr. Lynch for the State. Good morning. May it please the court, Michael Lynch, Assistant Attorney General on behalf of the appellees. The sole issue argued by Mr. Jensen in this appeal is that none of his claims were time barred because of a delayed application, the delayed accrual rule under Heck v. Humphrey. These arguments fail for several reasons. First of all, he never cited Heck below, and he never argued a delayed accrual below, and his delayed accrual argument is based upon a loss of earned time, and he never made that claim below. He never, in the magistrate judge's report and recommendation and the order adopting it, there's no mention of any claim for loss of earned time, nor application of any analysis of a Heck delayed accrual. The district court analyzed 12 claims that were set forth by Mr. Jensen and his counsel in the interrogatory answers that were sent by the defendants. In those claims, there is no mention of any loss of earned time. The only loss of earned time claim, so to speak, was in his opposition to the defendant's motion for summary judgment where he indicated while plaintiff was in IMU, defendants also illegally revoked his earned time. First, plaintiff cannot bring up a new claim for the first time in opposition to summary judgment. Moreover, the claims that he made, none of them were ever tied to the facts. None of them were ever tied to the individual defendants. There was no identification of who did what when. That is simply not enough to raise a genuine issue of material fact in opposition to summary judgment. In the event this court were to conclude that somehow he had preserved a claim for loss of earned time below, that would be the only claim that would be subject to a Heck delayed accrual analysis because it would be the only claim that was Heck barred. None of the other claims were Heck barred. The second or report claim related to PREA, which this is tied to indirectly, was found to be unsubstantiated on September 17th, 2011. That's at ER 125. Third, in this appeal, Mr. Jensen doesn't challenge the dismissal of his claims again by citing to the record. There's no mention of the individual defendants by name in either his opening brief or in his reply brief. As this court appropriately noted in the Independent Towers case, the art of advocacy is not one of mystery. Mr. Jensen's failure to even attempt to comply with the requirements of Federal Rule of Appellate Procedure 28 prejudices both this court and the appellees in understanding what his claim is and how to respond to it. Finally, this court should not consider the claim that Mr. Jensen made in his reply brief for the first time about asking this court to adopt some kind of a new tolling rule for Eighth Amendment claims. That's completely inappropriate. For these reasons, the appellees respectfully request that this court affirm the order granting summary judgment. Does this court have any questions? I have none. Then I will yield my time. Thank you very much. With respect to the argument that there should be some sort of equitable tolling or continuing violation that was raised in the reply brief, I think in general, issues raised in a reply brief should not be considered by the court. But in this particular case, because it involves strictly a question of law as to whether or not the defendant a claim of denial of medical care is in and of itself a continuing violation, I think that rule should allow the court to consider it. With respect to the main issue in the case, I think basically what counsel is arguing is that if you do not state the words, heck, or you don't make a heck argument to the court, whereas the complaint itself sets out the fact that you did, in fact, file a personal restraint petition and the date that the personal restraint petition was overturned or granted in your favor, he states that in his complaint, he states that in his declaration in opposition to summary judgment. The fact that the words heck were not spoken I don't think is determinative because I think as a question of law, the course is still decided. Thank you. I thank both counsel for their arguments and the Jensen case shall be submitted.
judges: Gould, Nguyen, R. Collins